NAUGHTON CO. v. AMERICAN HORSE EXCHANGE.

(Supreme Court, Appellate Term.  January 17, 1906.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—PROOF.

In an action on a contract entered into by defendant's alleged agent, evidence *held* insufficient to make out a prima facie case that such agent had authority to bind defendant by the contract in question.

2. EVIDENCE—PRESUMPTIONS—FAILURE TO CALL WITNESS..

Where an agent who had executed the contract sued on had left defendant's employ at the time of the trial and was no longer under defendant's control or direction, no presumption unfavorable to defendant could arise because of defendant's failure to call him as a witness.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 97.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Naughton Company against the American Horse Exchange.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Jay & Candler (Andrew F. Murray, of counsel), for appellant.
Benjamin Trapnell, for respondent.

SCOTT, P. J.  In this action the plaintiff seeks to recover, under an alleged express contract, for relaying a piece of sidewalk in front of defendant's property.  The plaintiffs were subcontractors for the construction of a section of the subway, and, in the prosecution of this work, found it necessary to remove a portion of an asphalt block pavement in front of defendant's premises.  The piece thus necessarily removed was bounded on the outside by the curb line, and on the inside by a diagonal line, which, if extended, would have cut the curb line at an acute angle.  This sidewalk of course they were under an obligation to replace, and their contention is that the defendant entered into a contract with them to relay the whole sidewalk, so as to have it uniform in character, and agreed to pay therefor the sum for which this action is brought.  That there was an agreement to this effect made between plaintiff and a man named Flack, claiming to represent defendant there can be no doubt.  It is also perfectly clear that Flack's position and duties were of such a nature that no implication of authority to bind the defendant to such a contract can be inferred.  The only responsible officer of the defendant, who is mentioned in the evidence as authorized to contract in its behalf is the treasurer, Ware, and the plaintiff's whole efforts have been directed to showing that Ware authorized Flack to make the contract, or permitted the plaintiff to go and do the work knowing that they were relying on Flack's assumed authority to contract in his (Ware's) name.  In this, I think we must say that the plaintiff was unsuccessful.

The plaintiff read in evidence certain letters addressed to Ware showing that plaintiff had been negotiating with Flack in regard to relaying the sidewalk, and making a definite offer, and a letter from Flack, in reply, accepting the proposition.  If it had been shown that these letters

reached Ware before the work was done, the plaintiff would have gone far towards establishing a contract; but the only evidence on the subject is all the other way. Ware, called as plaintiff's witness, testified distinctly that at the time of the correspondence he was in the West, that the letters were handed to him in a bunch after his return, and that the matter had been acted upon at that time. This testimony at once negatives any presumption or assumption that Flack's letter to plaintiff, assuming to make a contract in behalf of defendant, was written with the express or implied authority of Ware. It does not help plaintiff to say that Ware's memory was indistinct as to some matters concerning which he was interrogated. The obligation rested upon plaintiff to show Flack's authority, and it does not show it by demonstrating that its witness might have established it if he had shown a clearer recollection than he appeared to have. Undoubtedly it was natural enough for plaintiff to assume that Flack had proper authority to speak for Ware; but this belief was induced merely by Flack's assumption of authority, and not by anything done by Ware or the defendant. The whole matter could probably be cleared up by calling Flack as a witness, and there is nothing to show that he cannot be produced. No greater obligation rests upon the defendant to produce him than rests upon plaintiff, if indeed there is as much. It appears that he is not now in defendant's employ, or under its control and direction, and, therefore, no presumption unfavorable to defendant is to be attributed to its failure to call him, nor is the defendant called upon to enter upon its affirmative defense until the plaintiff has made out a prima facie case.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.